UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 1:24-CR-293 |
| v. | (Judge Saporito) |
| KEITH DEMETRIUS ANDERSON, | |
| Defendant. | |

**INDICTMENT**

FILED
HARRISBURG, PA
OCT 30 2024
PER _____
DEPUTY CLERK

THE GRAND JURY CHARGES:

**COUNT 1**
18 U.S.C. § 1951
(Interference with Commerce by Robbery)

At times material to this Indictment, Vape It, LLC, doing business as Vape It Smoke Shop, was engaged in the commercial sale of tobacco products, electronic vapor devices, and smoking accessories to the general public, in interstate and foreign commerce and was an industry which affects interstate and foreign commerce.

On or about January 9, 2024, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**KEITH DEMETRIUS ANDERSON,**

did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of approximately $300 cash from a cash register at Vape It Smoke Shop in the presence of an employee of the store, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, that is, the defendant pointed a handgun at the employee, and directed the employee to open the cash register drawer and provide the defendant with all the money from the drawer.

In violation of Title 18, United States Code, Section 1951.

THE GRAND JURY FURTHER CHARGES:

### COUNT 2
18 U.S.C. § 924(c)(1)(A)
(Using and Carrying a Firearm
During and in Relation to a Crime of Violence)

On or about January 9, 2024, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**KEITH DEMETRIUS ANDERSON,**

did knowingly brandish, discharge, carry, and use a firearm, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a).

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and (iii).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 922(g)(1)
(Possession of Ammunition by a Prohibited Person)

On or about January 9, 2024, in Dauphin County, within the Middle District of Pennsylvania, the defendant,

**KEITH DEMETRIUS ANDERSON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, said ammunition having been shipped and transported in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(d)(1).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 to 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 924 and 981(a)(1)(C).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1951, as set forth in Counts 1 to 3 of this Indictment, the defendant,

### KEITH DEMETRIUS ANDERSON,

shall forfeit to the United States pursuant to Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 924 and 981(a)(1)(C), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any firearms and ammunition involved in the commission of the offense including but not limited to the following:

a. Approximately $300 taken from Vape It Smoke Shop.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property from the defendant under Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461.

All pursuant to Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 924 and 981(a)(1)(C).

A TRUE BILL

GERARD M. KARAM
United States Attorney

FOREPERSON

DAVID C. WILLIAMS
Assistant United States Attorney

10/30/2024
Date

5